(No. 842—Claim denied.)

ALONZO ECHOLS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

GOVERNMENTAL FUNCTION—*State highways. State not liable for negligence of its employees.* The State in owning, operating and constructing its highways exercises a governmental function, and is not liable for the negligence of its employees, agents or officers.

SUB-CONTRACTOR—*State not liable for acts of.* A sub-contractor in constructing a State highway cannot thrust liability upon the State, or render it liable for his acts or negligence while performing his contract with the State.

C. S. MILLER, for claimant.

OSCAR E. CARLSTROM, Attorney General; George C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

This case comes before the court on a declaration filed by claimant, Alonzo Echols, in which he sets forth that on August 31, A. D. 1921, claimant was the owner of certain lands, located in Pulaski county, Illinois, lying adjacent and south of the Village of Ullin in said county, and which lands were of great value to claimant, and there was adjacent to, running through and dividing said lands a certain public highway which was commonly called the Ullin and Caledonia road, then and there leading from the Village of Ullin in a southeastwardly direction to the cities and towns in the county of Pulaski, which said road was then and there open and generally traveled by the public; that on said date, the State of Illinois was in the process of constructing a public highway in a northerly and southerly direction through and south from the Village of Ullin through the county of Pulaski, which road was known as State Bond Issue Road Number Two, and which road was being constructed along the easterly side of claimant's said property at the point aforesaid, where claimant's said property was crossed by the said Ullin and Caledonia road; that the State of Illinois was employing in and about the construction of said road the Robinson Bros. Construction Company and other agents and servants of the State of Illinois, and it became and was the duty of the State to so construct said road as not to injure, damage, obstruct or cut the said Caledonia and Ullin road or to interfere with the

travel thereon by claimant or the general public; that said State Bond Issue Number Two Road, was improperly constructed at said point so as to totally cut and destroy the said public highway so that claimant and others leaving his land are totally unable to travel across and along said public highway to the east or south, and are wholly unable to reach said lands from said directions; that said State of Illinois, through its employees, agents and servants went upon his said lands without any right or authority of law and trespassed thereon, piling vast quantities of earth and other waste material thereupon, and dug large holes and excavations on his said land, and in other ways injured said land and destroyed the value thereof; and claimant says that he is injured and has sustained damages to the amount of One Thousand Dollars.

The demurrer filed by the Attorney General of the State of Illinois, is sustained as a matter of law.

The testimony and evidence submitted in this case is quite voluminous. It is unnecessary to cite authorities on the familiar principle that the State, in owning, operating, controlling its highways, exercises a governmental function and is not legally liable for the acts of its officers, agents and employes. That being so well settled, it requires no argument on the proposition that one not even remotely under the jurisdiction of the State, as in this case a sub-contractor, should not be permitted to thrust any liability upon the State by its unlawful acts. To hold otherwise and permit such a class by their acts to bind the State to liability for damages, when it is well settled that even the officers, agents and employes of the State cannot do so, would establish a most dangerous precedent. Upon examination of the testimony submitted, we find that there was practically no damage done to the land of claimant that is injurious to same, and there is no element of equity or social justice which leads us to make an award in this case; hence, the demurrer filed by the Attorney General is sustained.